UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LATROYMEN CRAIN,<br><br>    Plaintiff,<br><br> v.<br><br>CARL ARNOLD, *et al.,*<br><br>    Defendants. | Case No. 2:20-cv-01054-APG-VCF<br><br>**ORDER** |

   On June 18, 2020, Magistrate Judge Ferenbach issued an order directing plaintiff Latroymen Crain to file a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $400 by August 17, 2020. ECF No. 3 at 2-3.  That deadline has now expired and Crain has not filed an application to proceed *in forma pauperis*, paid the $400 filing fee, or otherwise responded to the order.

   District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court

apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order, I must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and my interest in managing the docket) weigh in favor of dismissal. The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey an order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Judge Ferenbach's order expressly stated: "IT IS FURTHER ORDERED that, if Plaintiff does not file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $400 filing fee for a civil action on or before August 17, 2020, the Court will dismiss this action <u>without prejudice</u> for Plaintiff to refile the case with the Court, under a new

case number, when Plaintiff has all three documents needed to file a complete application to proceed *in forma pauperis* or pays the full $400 filing fee." ECF No. 3 at 3.  Thus, Crain had adequate warning that dismissal would result from his noncompliance with Judge Ferenbach's order.

I THEREFORE ORDER that this action is dismissed without prejudice based on plaintiff Latroymen Crain's failure to file an application to proceed *in forma pauperis* or pay the full filing fee in compliance with Judge Ferenbach's order dated June 18, 2020.

I FURTHER ORDER the Clerk of Court to enter judgment accordingly and close this case.

DATED: August 25, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE